## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TAYLOR ENERGY COMPANY LLC,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>THE UNITED STATES,  )<br><br>Defendant.  ) | No. 16-12C<br>Judge Nancy B. Firestone |

### DEFENDANT'S MOTION TO EXCEED THE PAGE LIMITATION

Pursuant to Rule 5.4(b) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court issue an order granting the Government leave to exceed by up to 29 pages, the 40-page limitation applicable to the Government's motion to dismiss the complaint.  Our motion to dismiss is due to be filed on May 24, 2016.  We have contacted plaintiff's counsel who has represented that the plaintiff consents to this motion to exceed the page limitation.

Pursuant to Rule 5.4(b)(1) of the RCFC, our motion to dismiss plaintiff's complaint is limited to 40 pages.  Good cause exists for up to an additional 29 pages. Although we will make every effort to ensure our brief is as succinct as possible, the requested enlargement is necessary to ensure full presentation of the bases for the Government's motion to dismiss plaintiff's action under both RCFC 12(b)(1) and 12(b)(6).

This case involves plaintiff's collapsed oil production platform located in the Gulf of Mexico.  Now, almost 12 years after its collapse, oil continues to leak from the site of

the destroyed platform.  Plaintiff's claims relate to a Trust Agreement that was established, using $660 million of plaintiff's funds, to ensure that funds are available to pay the costs of decommissioning plaintiff's oil wells to prevent further oil leaks and of removing the oil-contaminated soil around the site of the collapsed platform.  Taylor now argues that its remaining funds ($430 million) held in the Trust should be returned to it and the Trust declared a nullity because it alleges that it is impossible using existing technology to decommission the wells or remove the oil-contaminated soil.

Given the complex facts and procedural history relevant to this case, as plaintiff's 39-page complaint demonstrates, and the United States need to properly detail the factual and legal bases for our motion to dismiss under both RCFC 12(b)(1) and 12(b)(6), the United States requires up to an additional 29 pages for our motion to dismiss.

For the foregoing reasons, we respectfully request that the Court grant our unopposed motion for leave to exceed the 40-page limitation by up to 29 pages.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director


/s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

/s/ John H. Roberson
JOHN H. ROBERSON
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tele: (202) 353-7972
Fax: (202) 514-8640
Dated May 20, 2016                    Email:  John.Roberson@usdoj.gov